UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SCS ALEXANDRE ET CIE d/b/a PRETTY YOU MONACO, a foreign corporation,

    Plaintiff,

v.

LANA MARKS LTD, INC.,
a Florida corporation,

    Defendant.

08-81443-CV-HURLEY/HOPKINS

FILED by IG D.C.
ELECTRONIC

DEC 3, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff SCS ALEXANDRE ET CIE d/b/a PRETTY YOU MONACO ("Pretty You") sues LANA MARKS LTD, INC. ("Lana Marks") and alleges:

### INTRODUCTION

Lana Marks' breach of its implied warranties and failure to comply with the terms of its contracts with Pretty You has left Pretty You holding the bag: or at the very least $330,000 worth of unsellable handbags, wallets, and clutches. As the seller and merchant in goods made from exotic leathers, Lana Marks had a duty to secure and provide CITES permits covering the goods that it sold to Pretty You. Lana Marks, however, failed to secure and provide the required CITES permits. Without those permits, Pretty You has been unable to sell the goods that it purchased from Lana Marks. In this lawsuit, Pretty You seeks damages relating to Lana Marks' failure to secure and provide the CITES permits which left Pretty You holding the bags.

### THE PARTIES

1. Plaintiff Pretty You is a foreign corporation registered and doing business in Monaco. Its principal place of business and headquarters is located at Saint James Palace, 5 Avenue Princess Alice, Monte Carlo, Monaco.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL 33312-6525
TELEPHONE (954) 987-7550

2. Defendant Lana Marks is duly organized under the laws of the State of Florida as a for-profit corporation and has registered with the Florida Department of State, Division of Corporations to conduct business in the State of Florida. Lana Marks' primary place of business is Palm Beach, Florida.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(2) as the Plaintiff is a citizen of a foreign state and the Defendant is a citizen of the State of Florida.

4. The amount in controversy exceeds $75,000.

5. Defendant Lana Marks is subject to the personal jurisdiction of this Court because it is a duly organized for-profit corporation that has registered with the Florida Department of State, Division of Corporations to conduct business in the State of Florida and because it has established minimum contacts with Florida by regularly conducting business and maintaining an office in the State.

## FACTS

6. Pretty You is a high-end boutique in Monaco which sells, among other things, women's dresses and accessories.

7. In January of 2007, the proprietor of Pretty You, Veronik Alexandre, saw a number of Lana Mark's products in the Lana Marks showroom in Los Angeles, California.

8. At the showroom, Ms. Alexandre met Lana Mark's owner, Ms. Lana Marks ("Ms. Marks"), and orally contracted with Lana Marks to purchase a number of purses, clutches, wallets, and totes in exotic leathers to be sold in the Pretty You showroom in Monaco (the "First Contract").

9. Ms. Alexandre and Ms. Marks agreed that Pretty You would purchase thirty-three (33) items for a total of $128,790. These items were to be delivered to Monaco by the end of May, 2007. Additionally, Pretty You was required to pay thirty percent (30%) of the total price prior to manufacture of the bags.

10. As required by the contract, on or about January 30, 2007, Pretty You wired $36,000 to Lana Mark's bank account at Colonial Bank in Miami.

11. In April of 2007, Lana Marks required full payment before delivery.

12. In accordance with this demand, on or about April 27, 2007, Pretty You wired $91,115 to Lana Mark's bank account at Colonial Bank in Miami.

13. Upon this payment, the First Contract was paid in full by Pretty You.

14. A shipment from Lana Marks arrived at Pretty You on or about May 19, 2007. This shipment was incomplete and only contained approximately one-third of the items ordered and paid for by Pretty You under the First Contract.

15. The items delivered on or about May 19, 2007 also lacked CITES permits.

16. CITES, the Convention on International Trade in Endangered Species, is an international treaty requiring that items made from certain listed animal species must be accompanied by a permit in order to be commercially sold.

17. The items covered by the First Contract required a CITES permit in order to be resold by Pretty You.

18. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the First Contract required a CITES permit in order to be resold by Pretty You.

19. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the

items covered by the First Contract.

20. On or about May 19, 2007, Ms. Marks committed Lana Marks to sending CITES permits for the items covered by the First Contract.

21. Lana Marks never provided CITES permits for the items covered by the First Contract.

22. The remaining two-thirds of the items covered by the First Contract were delivered to Pretty You in June of 2007. These additional items were delivered with an invoice for all of the items covered by the First Contract, but were not accompanied by any export documents or CITES permits.

23. On or about June 21, 2007, in Monaco, Pretty You and Lana Marks entered into an oral contract for the purchase and sale of more purses, clutches, wallets, and totes in exotic leathers to be sold in the Pretty You showroom in Monaco (the "Second Contract").

24. Pursuant to the Second Contract, Pretty You would purchase nine (9) items for a total of $48,265.00.

25. Ms. Alexandre explicitly required the provision of CITES permits by Lana Marks as a term of the Second Contract.

26. As required by the Second Contract, on or about August 16, 2007, Pretty You wired $49,265.00, which included $1,000 for prior delivery charges, to Lana Mark's bank account at Colonial Bank in Miami.

27. Upon this payment, the Second Contract was paid in full by Pretty You.

28. The items covered by the Second Contract were delivered without CITES permits.

29. The items covered by the Second Contract required a CITES permit in order to be resold by Pretty You.

30. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the Second Contract required a CITES permit to be resold by Pretty You.

31. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the items covered by the Second Contract.

32. Lana Marks never provided CITES permits for the items covered by the Second Contract.

33. Due to Pretty You's inability to sell many of the units covered by the First and Second Contracts because of the lack of CITES permits, Pretty You has demanded that Lana Marks refund the cost of these items in exchange for their return. Lana Marks has failed to accede to Pretty You's demand.

34. Due to the lack of CITES permits, Pretty You has been unable to sell thirty-three (33) of the forty-one (41) units covered by both contracts. Pretty You paid Lana Marks $130,540.00, the wholesale amount for these thirty-three (33) units.

35. All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied

## COUNT I
### (Breach of Contract – First Contract)

36. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

37. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the First Contract.

38. Under the First Contract, Lana Marks had an obligation to provide CITES permits for the items covered.

39. Lana Marks has failed to provide CITES permits for the items covered by the First Contract.

40. As a result, Lana Marks has breached the First Contract.

41. Due to Lana Mark's breach of the First Contract, Pretty You has been damaged by, among other things, its inability to sell the items covered by the First Contract.

42. In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

## COUNT II
### (Violation of Fla. Stat. § 672.314 – Implied Warranty of Merchantability – First Contract)

43. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

44. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the First Contract.

45. The items covered by the First Contract required a CITES permit in order to be sold.

46. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the First Contract required a CITES permit.

47. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the items covered by the First Contract.

48. Lana Marks never provided CITES permits for the items covered by the First Contract.

49. Lana Mark's failure to provide CITES permits rendered the items covered by the First Contract unfit for resale and unable to pass without objection in the trade.

50. Pretty You, within a reasonable amount of time after discovering Lana Mark's breach, justifiably revoked acceptance of the items covered by the First Contract and demanded that Lana Marks refund the cost of these items in exchange for their return.

51. Lana Marks has failed to accede to Pretty You's demand.

52. Due to Lana Mark's breach of the implied warranty of merchantability, Pretty You has been damaged by, among other things, its inability to sell the items covered by the First Contract.

53. In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

## COUNT III
**(Violation of Fla. Stat § 672.315 – Implied Warranty of Fitness for a Particular Purpose – Second Contract)**

54. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

55. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the First Contract.

56. The items covered by the First Contract required a CITES permit in order to be sold.

57. Lana Marks knew that Pretty You intended to resell in Monaco the items covered by the First Contract.

58. Lana Marks knew that Pretty You was relying on Lana Mark's skill and judgment to furnish goods suitable for resale in Monaco.

59. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the First Contract required a CITES permit.

60. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the items covered by the First Contract.

61. Lana Marks never provided CITES permits for the items covered by the First Contract.

62. Lana Mark's failure to provide CITES permits rendered the items covered by the First Contract unfit for resale in Monaco.

63. Pretty You, within a reasonable amount of time after discovering Lana Mark's breach, justifiably revoked acceptance of the items covered by the First Contract and demanded that Lana Marks refund the cost of these items in exchange for their return.

64. Lana Marks has failed to accede to Pretty You's demand.

65. Due to Lana Mark's breach of the implied warranty of fitness for a particular purpose, Pretty You has been damaged by, among other things, its inability to sell the items covered by the First Contract.

66. In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL 33312-6525
TELEPHONE (954) 987-7550

67. WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

### COUNT IV
### (Breach of Contract – Second Contract)

68. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

69. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the Second Contract.

70. An explicit term of the Second Contract was that Lana Marks would provide CITES permits for the items covered by the Second Contract.

71. Lana Marks has failed to provide CITES permits for the items covered by the Second Contract.

72. As a result, Lana Marks has breached the Second Contract.

73. Due to Lana Mark's breach of the Second Contract, Pretty You has been damaged by, among other things, its inability to sell the items covered by the Second Contract.

74. In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

### COUNT V
### (Violation of Fla. Stat. § 672.314 – Implied Warranty of Merchantability – Second Contract)

75. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

76. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the Second Contract.

77. The items covered by the Second Contract required a CITES permit in order to be sold.

78. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the Second Contract required a CITES permit.

79. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the items covered by the Second Contract.

80. Lana Marks never provided CITES permits for the items covered by the Second Contract.

81. Lana Mark's failure to provide CITES permits rendered the items covered by the Second Contract unfit for resale and unable to pass without objection in the trade.

82. Pretty You, within a reasonable amount of time after discovering Lana Mark's breach, justifiably revoked acceptance of the items covered by the Second Contract and demanded that Lana Marks refund the cost of these items in exchange for their return.

83. Lana Marks has failed to accede to Pretty You's demand.

84. Due to Lana Mark's breach of the implied warranty of merchantability, Pretty You has been damaged by, among other things, its inability to sell the items covered by the Second Contract.

85. In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

### COUNT VI
**(Violation of Fla. Stat. § 672.315 – Implied Warranty of Fitness for a Particular Purpose – Second Contract)**

86. Pretty You restates and incorporates by reference the allegations contained in Paragraphs 1 - 35 of this Complaint.

87. Pretty You and Lana Marks (the "Parties") are parties to a valid contract – the Second Contract.

88. The items covered by the Second Contract required a CITES permit in order to be sold.

89. Lana Marks knew that Pretty You intended to resell in Monaco the items covered by the Second Contract.

90. Lana Marks knew that Pretty You was relying on Lana Mark's skill and judgment to furnish goods suitable for resale in Monaco.

91. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that the items covered by the Second Contract required a CITES permit.

92. Lana Marks, as a merchant with respect to goods of the kind at issue in this suit, knew or should have known that it was its duty to secure and provide a CITES permit for the items covered by the Second Contract.

93. Lana Marks never provided CITES permits for the items covered by the Second Contract.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FORT LAUDERDALE, FL 33312-6525
TELEPHONE (954) 987-7550
11 of 12

94.     Lana Mark's failure to provide CITES permits rendered the items covered by the Second Contract unfit for resale in Monaco.

95.     Pretty You, within a reasonable amount of time after discovering Lana Mark's breach, justifiably revoked acceptance of the items covered by the Second Contract and demanded that Lana Marks refund the cost of these items in exchange for their return.

96.     Lana Marks has failed to accede to Pretty You's demand.

97.     Due to Lana Mark's breach of the implied warranty of fitness for a particular purpose, Pretty You has been damaged by, among other things, its inability to sell the items covered by the Second Contract.

98.     In addition to general damages, Pretty You is entitled to recover consequential damages including lost business opportunities, storage costs, and lost profits.

WHEREFORE, Pretty You demands judgment against Lana Marks for general and consequential damages and for such other and further relief, including costs, as the Court deems just and proper.

Respectfully submitted,

By: _____
GARY C. ROSEN
Florida Bar No. 310107
GRosen@becker-poliakoff.com
PHILLIP E. DUBÉ
Florida Bar No. 0036997
PDube@becker-poliakoff.com
PETER A. QUINTER
Florida Bar No. 821608
PQuinter@becker-poliakoff.com

BECKER & POLIAKOFF, P.A.
3111 Stirling Road
Fort Lauderdale, FL 33312-6525
Tele: 954-987-7550, Fax: 954-985-4176

*Attorneys for Plaintiff*

FTL_DB: 1143916_1

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
SCS ALEXANDRE ET CIE d/b/a PRETTY YOU MONACO, a foreign corporation,

(b) County of Residence of First Listed Plaintiff   Monte Carlo, Monaco
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Phillip E. Dube, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Rd., Ft. Lauderdale, FL 33312

### DEFENDANTS
LANA MARKS LTD., INC., a Florida corporation,

County of Residence of First Listed Defendant   Palm Beach, Florida
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by ___ D.C.
DEC - 3 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ✓ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

WPB 08CV81443-Hurley

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ✓ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ✗ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(a)(2) Breach of Contract, Breach of Warranty

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD   s/ [signature]
DATE  12/2/08

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 991329  IFP

12/04/08