UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

    Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO THE
COURT'S ORDER TO SHOW CAUSE AND
DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT**

Defendant, Lana Marks Ltd., Inc., by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 55, respond to the Court's order to show cause and move this Court to vacate the clerk's default.

**Background**

Plaintiff filed its complaint on or about December 3, 2008. On or about January 20, 2009, Plaintiff served its complaint on an employee of the Defendant. Plaintiff did not serve process on its registered agent nor an officer of the company, but instead served a low-level clerk with the complaint. Some days later, the employee gave the copy of the complaint to Christine Wright, the accounting manager for Lana Marks Ltd., Inc. ("Lana Marks").

After receipt of the clerk's default, Ms. Wright, on behalf of Defendant, moved for an extension of time, but because Defendant, a corporation, filed pro se, its request was denied by the Court. Sometime later, Defendant received the Court's scheduling order. Christine Wright

1

was under the mistaken impression that, pursuant to the scheduling order, Defendant did not need to respond until the trial date, which was set for January 11, 2010 (See Wright Declaration and Marks Declaration, Attached). Furthermore, the parties were in settlement discussions in order to resolve the matter (Marks Declaration at ¶ 2).

**Argument**

Rule 55 of the Federal Rules of Civil Procedure states that the "court may set aside any entry of default for good cause." Determination of whether good cause exists depends upon the Court's applying its discretion with proper regard to the peculiar circumstances surrounding the case before it. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970). Defaults are viewed with disfavor because of the strong policy of determining cases on their merits. *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir.1984). In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir.1990).

Plaintiff claims that Defendant failed to secure and provide CITES permits for its shipment of goods. Plaintiff contends that the alleged failure to provide CITES permits caused damages to Plaintiff. However, Defendant intends to show that Plaintiff's goods were shipped from Italy to Monaco and a CITES permit is not required for intra-European Union shipments. For example see www.eu-wildlifetrade.org/pdf/en/3_permits_en.pdf, section 2.2, 'Internal Trade in the EU.' Therefore, if the Court vacates the default, Defendant has a meritorious defense that may bar Plaintiff's recovery. See *Simmons v. Ohio Civil Service Emp. Assoc.*, 259 F.Supp.2d 677

2

(S.D.Ohio 2003). (A defendant is not required to prove the likelihood that its proffered defense will succeed in order to obtain relief from the entry of a default judgment; rather the test is whether the defense relied upon is good at law.)

Vacating the default will not prejudice the Plaintiff. There is no risk of loss of evidence nor is there any risk of increased difficulties in discovery. See *DIRECTV, Inc. v. Meyers*, 214 F.R.D. 504 (N.D.Iowa 2003). (Prejudice at issue in a motion to set aside a default may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits; instead, setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.)

Defendant's conduct is excusable neglect sufficient to justify vacating the default. Defendant's failure to plead was not due to gross neglect on its part or that of its attorney but rather, the entry of default was due to its good faith belief that it was not yet required to respond and that settlement negotiations were proceeding without having to resort to the court. Therefore, vacating the default is appropriate and will within the court's discretion. See *Whitman v. U.S. Lines, Inc.*, 88 F.R.D. 528, 529 (D.C. Texas 1980) (Defendant asserts that the entry of default was due to its excusable neglect, i.e., due to its good faith belief that settlement negotiations were proceeding and that the dispute could be resolved without resort to the courts. Although Plaintiff controverted this allegation, the Court granted Defendant's motion to set aside default); see also *Morris v. Charnin*, 85 FRD 689 (S.D.N.Y. 1980) (Defendant acknowledged service of summons and complaint, but simply forgot to notify his attorneys until attorneys informed him that they had heard a default had been entered. Although Defendant acted in an unbusinesslike fashion, his

conduct did not amount to gross neglect and Defendant's motion to set aside default judgment was granted).

Undersigned counsel spoke with counsel for Plaintiff who indicated they oppose the relief requested herein.

**Conclusion**

Based on Defendant's excusable neglect, Defendant respectfully requests that this court grant its motion to vacate the clerk's default and grant it ten days within which to respond to the Plaintiff's complaint.

Dated this 18th day of May 2009.

>Respectfully submitted,
>**SANDLER, TRAVIS & ROSENBERG, P.A.**
>Attorneys for Defendant
>The Waterford - Suite 600
>5200 Blue Lagoon Drive
>Miami, Florida  33126
>Tel.   (305) 267-9200
>Fax    (305) 267-5155
>
>By:     /s/ Robert J. Becerra
>           Robert J. Becerra, Florida Bar No: 0856282
>           Email:  rbecerra@strtrade.com
>           Sandler, Travis & Rosenberg, P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

      Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

      Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List by e-mail and via transmission of Notices of Electronic Filing generated by CM/ECF for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

                  By:  /s/ Robert J. Becerra
                  Robert J. Becerra, Florida Bar No: 0856282
                  Email:  rbecerra@strtrade.com
                  Sandler, Travis & Rosenberg, P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

        Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

        Defendant.
_____/

## SERVICE LIST

Gary C. Rosen, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  GRosen@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*

Phillip E. Dubé, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  PDube@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*

Peter A. Quinter, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  PQuinter@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*