UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

    Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

    Defendant.
_____/

## DECLARATION OF LANA MARKS

Lana Marks, declares under the penalty of perjury the following:

1. I am the owner and resident agent of Lana Marks Ltd., Inc., the Defendant in this action. I have no legal training.

2. Since becoming aware of the existence of this case, I have had numerous conversations with counsel for Plaintiff in regard to resolving this dispute. So far, those efforts have been unsuccessful. However, I believed that since I was having ongoing settlement discussions with counsel for Plaintiff, that I was not required to respond to the Complaint.

3. Also, I was informed by my accounting manager, Christine Wright, that the Court had entered its Order setting Trial Date & Discovery Deadlines. This Order, I was told, contains a date for trial of January 11, 2010. I was told by Ms. Wright, and I understood, that Lana Marks Ltd., Inc. did not have to submit any response until trial as that would be when the company would present its defenses. Based on this erroneous information, I believed that no response was needed until then. I understand now that my understanding

was completely incorrect. I submit that my misunderstanding was excusable neglect and ask that any default be removed so that the case may be defended.

4. Lana Marks Ltd., Inc. has a meritorious defense against Plaintiff's claims because CITES certificates were not required when goods are shipped from one European country to another, within the EU. Plaintiff's claims are based on the fact that CITES certificates were required and Lana Marks Ltd., Inc.'s alleged failure to acquire the certificates led to its alleged damages.

5. Lana Marks Ltd., Inc., upon receiving the Court's Order to Show Cause, understands that it must retain counsel and it has now done so. In addition, the company will now file its requisite response in accordance with the law.

6. Furthermore, I noticed from the affidavit of service filed in this case that the complaint was served on "Kathy Cacaras". I imagine this must be Kathy Caceres, a former employee of my company. Ms. Caceres was a low level clerk in my company with no administrative duties. She was not an officer, manager, director, nor a representative of the company. She was not authorized in any way to accept service of process. I believe improper service of the complaint on Ms. Caceres contributed to the untimeliness and improper handling of our response to the Complaint.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 USC Sec. 1746.

Executed on this  18  day of May, 2009.

*Lana J Marks*
Lana Marks