UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:08-CV-81443-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY )
YOU MONACO, a foreign corporation, )
)
       Plaintiff, )
)
v. )
)
LANA MARKS LTD, INC., )
a Florida corporation, )
)
       Defendant. )
)

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION TO VACATE ENTRY OF DEFAULT

Plaintiff Pretty You Monaco ("Pretty You") by and through its attorney of record, hereby files its Opposition to Defendant's Response to the Court's Order to Show Cause and Motion to Vacate Entry of Default ("Response and Motion"), and states as follows:

Plaintiff opposes Defendant's Response and Motion on the simple ground that Defendant has failed to adequately show the existence of excusable neglect for its failure to timely respond to the Complaint or move to vacate the default judgment.[1] Defendant's argument boils down to its assertion that it didn't know that it had to reply at all and because it was involved in settlement discussions over the dispute. Such an argument is unavailing and simply unbelievable for a number of reasons.

**First**, the summons served with the Complaint clearly provides Defendant's obligation to answer the Complaint or risk judgment by default. *See* Summons In A Civil Case, attached hereto as Exhibit "A". A legal obligation could not be more clear.

---

[1] Further, while Plaintiff may not have been prejudiced by the failure to respond in terms of items like discovery, it has been required to expend significant sums pursuing the default process and would ask the Court, at a minimum, to sanction Defendant by requiring it to reimburse Plaintiff for its reasonable attorneys fees in pursuing the default process.

**Second**, Plaintiff's counsel explicitly stated on a number of occasions that it was actively pursuing the litigation while settlement discussions were ongoing, even going so far as to inform Lana Marks that Plaintiff would seek a default judgment.  *See* Declaration of Phillip E. Dubé ("Dube Decl.") at ¶ 6, attached hereto as Exhibit "B"; Email from P. Dube to lanamarks@hotmail.com, dated February 18, 2009, attached hereto as Exhibit "C" (redacting substance of settlement discussions);  Email from P. Quinter to lanamarks@hotmail.com, dated February 14, 2009, attached hereto as Exhibit "D" (redacting substance of settlement discussions);   Email from P. Quinter to lanamarks@hotmail.com, dated March 12, 2009, attached hereto as Exhibit "E" (redacting substance of settlement discussions).  Any argument that Lana Marks thought the litigation was paused while settlement discussions occurred is utterly unpersuasive when viewed in light of all circumstances.

**Third**, Lana Marks was kept constantly apprised of the ongoing nature of the litigation. Even though Lana Marks did not file an Answer or other response to the Complaint, Plaintiff's counsel timely mailed every filing to Lana Marks.  *See* Dubé Decl. at ¶ 5.

**Fourth**, Lana Marks is not a novice to the requirements of a federal lawsuit.  At least twice in the past two years the corporation has been a defendant in a civil case filed in this district.  *See* Docket Report for *Wilder v. Lana Marks Ltd, Inc et al.*, Case No. 9:08-cv-80309-DMM, attached hereto as Exhibit "F"; Docket Report for *Sullivan v. Lana Marks Ltd, Inc et al.*, Case No. 09:07-cv-80138-DMM, attached hereto as Exhibit "G".  In one of those suits, *Sullivan*, Lana Marks had a motion for default filed against it.  In that same suit, Judge Middlebrooks made explicitly clear the need for Lana Marks, as a corporation, to be represented by counsel in litigation.  *See* Order dated August 2, 2007, attached hereto as exhibit "H".

**Finally**, Lana Marks has provided no evidence of a process, safeguard, or mechanism designed to ensure the prompt attention to and handling of lawsuits.  The Response and Motion,

in fact, portrays a haphazard means of addressing complaints that can lead to nothing other than their disregard unless and until confronted by the entry of a default judgment, when it finally gets someone's "attention."

"The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indust. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) (finding no "excusable neglect" when defendant did not file pleading until three and a half months after being served with process). The circumstances laid out above clearly show neglect on Defendant's part, but not excusable neglect. The utter lack of persuasiveness of Defendant's "I just didn't know" argument in light of the facts undercuts any finding of excusable neglect. This factually weak argument, coupled with the fact that Defendant maintained no internal procedural safeguards, or even consulted an attorney until the order to show cause arrived, makes appropriate the entry of a default judgment in favor of Plaintiff. *See Sloss*, 488 F.3d at 935-36; *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987).

Plaintiff hereby opposes the Response and Motion, and renews its Motion for the Entry of a Default Judgment against the Defendant LANA MARKS LTD, INC.

Dated:  May 22, 2009.                              Respectfully submitted,

                                                              By:      /s Phillip E. Dubé
                                                                    GARY C. ROSEN
                                                                    Florida Bar No. 310107
                                                                    GRosen@becker-poliakoff.com
                                                                    PHILLIP E. DUBÉ
                                                                    Florida Bar No. 0036997
                                                                    PDube@becker-poliakoff.com
                                                                    PETER A. QUINTER
                                                                    Florida Bar No. 821608
                                                                    PQuinter@becker-poliakoff.com

                                                                    BECKER & POLIAKOFF, P.A.
                                                                    3111 Stirling Road
                                                                    Fort Lauderdale, FL  33312-6525
                                                                    Tele: 954-987-7550, Fax: 954-985-4176

                                                                    *Attorneys for Plaintiff*

FTL_DB: 1194004_1