UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

       Plaintiff,

v.

LANA MARKS LTD., INC.,
a Florida corporation,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, LANA MARKS LTD., INC. ("Lana Marks"), by and through its undersigned counsel, Sandler, Travis & Rosenberg, P.A., respond to the allegations of plaintiff's complaint and assert affirmative defenses as follows:

### Introduction

The introduction of Plaintiff's complaint contains legal assertions and/or conclusions to which no responsive pleading is required. To the extent a response is required; Defendant denies the rest and remainder of Plaintiff's introduction.

### The Parties

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and, therefore, denies the same.

2.    Defendant admits the allegations set forth in paragraph 2 of the complaint.

3.    Defendant denies the allegations set forth in paragraph 3 of the complaint.

4.    Defendant denies the allegations set forth in paragraph 4 of the complaint.

1

5. Defendant admits the allegations set forth in paragraph 5 of the complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and, therefore, denies the same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and, therefore, denies the same.

8. Defendant admits the allegations set forth in paragraph 8 of the complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the complaint. The items were to be delivered to Cannes, France, not Monaco.

10. Defendant admits the allegations set forth in paragraph 10 of the complaint.

11. Defendant admits the allegations set forth in paragraph 11 of the complaint.

12. Defendant admits the allegations set forth in paragraph 12 of the complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the complaint.

14. Defendant admits the allegations set forth in paragraph 14 of the complaint.

15. Defendant admits the allegations set forth in paragraph 15 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

16. Defendant denies the allegations set forth in paragraph 16 of the complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the complaint.

21.     Defendant admits the allegations set forth in paragraph 21 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

22.     Defendant admits the allegations set forth in paragraph 22 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

23.     Defendant admits the allegations set forth in paragraph 23 of the complaint.

24.     Defendant denies the allegations set forth in paragraph 24 of the complaint.

25.     Defendant denies the allegations set forth in paragraph 25 of the complaint.

26.     Defendant admits the allegations set forth in paragraph 26 of the complaint.

27.     Defendant admits the allegations set forth in paragraph 27 of the complaint.

28.     Defendant admits the allegations set forth in paragraph 28 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

29.     Defendant admits the allegations set forth in paragraph 29 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

30.     Defendant denies the allegations set forth in paragraph 30 of the complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the complaint.

32.     Defendant admits the allegations set forth in paragraph 32 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

33.     Defendant denies the allegations set forth in paragraph 33 of the complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the complaint.

## Count I

36. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

37. Defendant denies the allegations set forth in paragraph 37 of the complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the complaint.

39. Defendant admits the allegations set forth in paragraph 39 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

40. Defendant denies the allegations set forth in paragraph 40 of the complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the complaint.

## Count II

43. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

44. Defendant denies the allegations set forth in paragraph 44 of the complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the complaint.

48. Defendant admits the allegations set forth in paragraph 48 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

49. Defendant denies the allegations set forth in paragraph 49 of the complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the complaint.

52. Defendant denies the allegations set forth in paragraph 52 of the complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the complaint.

## Count III

54. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

55. Defendant denies the allegations set forth in paragraph 55 of the complaint.

56. Defendant denies the allegations set forth in paragraph 56 of the complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the complaint.

58. Defendant denies the allegations set forth in paragraph 58 of the complaint.

59. Defendant denies the allegations set forth in paragraph 59 of the complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the complaint.

61. Defendant admits the allegations set forth in paragraph 61 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

62. Defendant denies the allegations set forth in paragraph 62 of the complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the complaint.

66. Defendant denies the allegations set forth in paragraph 66 of the complaint.

67. Defendant denies the allegations set forth in paragraph 67 of the complaint.

## Count IV

68. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

69. Defendant denies the allegations set forth in paragraph 69 of the complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the complaint.

71. Defendant admits the allegations set forth in paragraph 71 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

72. Defendant denies the allegations set forth in paragraph 72 of the complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the complaint.

74. Defendant denies the allegations set forth in paragraph 74 of the complaint.

## Count V

75. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

76. Defendant denies the allegations set forth in paragraph 76 of the complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the complaint.

78. Defendant denies the allegations set forth in paragraph 78 of the complaint.

79. Defendant denies the allegations set forth in paragraph 79 of the complaint.

80. Defendant admits the allegations set forth in paragraph 80 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

81. Defendant denies the allegations set forth in paragraph 81 of the complaint.

82. Defendant denies the allegations set forth in paragraph 82 of the complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the complaint.

84. Defendant denies the allegations set forth in paragraph 84 of the complaint.

85. Defendant denies the allegations set forth in paragraph 85 of the complaint.

## Count VI

86. Defendant incorporates its answers to paragraphs 1 through 35 as if fully set forth herein.

87. Defendant denies the allegations set forth in paragraph 87 of the complaint.

88. Defendant denies the allegations set forth in paragraph 88 of the complaint.

89. Defendant denies the allegations set forth in paragraph 89 of the complaint.

90. Defendant denies the allegations set forth in paragraph 90 of the complaint.

91. Defendant denies the allegations set forth in paragraph 91 of the complaint.

92. Defendant denies the allegations set forth in paragraph 92 of the complaint.

93. Defendant admits the allegations set forth in paragraph 93 of the complaint. However, a CITES permit was not required and Defendant denies any allegation stating otherwise.

94. Defendant denies the allegations set forth in paragraph 94 of the complaint.

95. Defendant denies the allegations set forth in paragraph 95 of the complaint.

96. Defendant denies the allegations set forth in paragraph 96 of the complaint.

97. Defendant denies the allegations set forth in paragraph 97 of the complaint.

98. Defendant denies the allegations set forth in paragraph 98 of the complaint.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses to Plaintiff's Complaint. In asserting these affirmative defenses, Defendant does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CAUSE OF ACTION)

Plaintiff has failed to state a claim upon which relief can be granted in contract or for warranty. Plaintiff's complaint is based on the allegation that Defendant failed to provide a CITES permit. CITES (the Convention on International Trade in Endangered Species of Wild Fauna and Flora) is an international agreement between governments. The European Union is not a party to CITES and the goods were shipped within the European Union customs area, therefore a CITES permit is not required. Furthermore, when a CITES permit is necessary, it is used for the import and export of goods into and out of member countries. A CITES permit is not necessary merely for the resale of goods.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

Plaintiff has failed to mitigate and lessen damages, if any it sustained, as required by law, and are barred from recovery by reason thereof. Plaintiff is in possession of some of the handbags at issue and has not taken any steps necessary to sell them.

### THIRD AFFIRMATIVE DEFENSE
### (STATUTE OF FRAUDS)

Pursuant to the Uniform Commercial Code, any sale of goods over $500.00 must be in writing; therefore Plaintiff's action for breach of an oral contract is barred by the Statute of Frauds.

### FOURTH AFFIRMATIVE DEFENSE
(IMPROPER NOTICE)

Plaintiff failed to give proper notice to this defendant of the claimed breach prior to filing this lawsuit. Notice was required pursuant to Fla. Stat. § 672.607(3)(a), and failure to give notice deprived this defendant of the opportunity to timely correct the alleged breach.

### FIFTH AFFIRMATIVE DEFENSE
(FAILURE TO REVOKE ACCEPTANCE)

Plaintiff failed to properly reject the goods pursuant to Fla. Stat. § 672.608.

### DEFENDANT'S PRAYER FOR RELIEF

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves the right to assert additional defenses that are revealed by further investigation or discovery.

**WHEREFORE,** Defendant prays for judgment or relief against the Plaintiff on all counts as follows:

1. That the claims against Defendant are dismissed with prejudice and that the Plaintiff takes nothing;

2. That the Defendant be awarded costs incurred in defending this matter; and

3. Such other and further relief as this Court deems just and proper.

        **Respectfully submitted,**

        **SANDLER, TRAVIS & ROSENBERG, P.A.**
        Attorneys for Defendant
        The Waterford - Suite 600
        5200 Blue Lagoon Drive
        Miami, Florida  33126
        Tel.    (305) 267-9200
        Fax    (305) 267-5155

        By:   /s/ Robert J. Becerra
                Robert J. Becerra, Florida Bar No: 0856282
                Email:  rbecerra@strtrade.com
                Sandler, Travis & Rosenberg, P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

        Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List by e-mail and via transmission of Notices of Electronic Filing generated by CM/ECF for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.

           By:   /s/ Robert J. Becerra
           Robert J. Becerra, Florida Bar No: 0856282
           Email:  rbecerra@strtrade.com
           Sandler, Travis & Rosenberg, P.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81443-CV-HURLEY/HOPKINS

SCS ALEXANDRE ET CIE d/b/a PRETTY
YOU MONACO, a foreign corporation,

        Plaintiff,

vs.

LANA MARKS LTD., INC.,
a Florida corporation,

        Defendant.
_____/

## SERVICE LIST

Gary C. Rosen, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  GRosen@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*

Phillip E. Dubé, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  PDube@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*

Peter A. Quinter, Esq.
Becker & Poliakoff, P.A.
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
E-mail:  PQuinter@becker-poliakoff.com
*Counsel for Plaintiff*
*Via transmission of Notices of Electronic Filing generated by CM/ECF*